UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHAD HOPKINS,

    Plaintiff,                         Case No. 3:17-cv-378

vs.

COMMISSIONER OF                     Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                     (Consent Case)

    Defendant.
_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET.**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 5),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on September 3, 2014 (PageID 61) alleging disability as a result of a number of impairments including, *inter alia*, degenerative disc disease, depressive disorder, and an anxiety disorder. PageID 63.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Elizabeth Motta on July 18, 2016. PageID 88-103. The ALJ issued a written decision on September 9, 2016 finding Plaintiff not disabled. PageID 61-74. Specifically, The ALJ found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of light work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 73-74.

Thereafter, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 43-45. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 61-74), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues, and the undersigned agrees, that the ALJ erred in evaluating the medical evidence rendered by Plaintiff's treating physician, Scott West, D.O.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record includes the opinion of Plaintiff's back surgeon and treating physician of 16 years, Dr. West. PageID 706-19. Due to Plaintiff's impairments, Dr. West concluded that Plaintiff did not have the functional ability to perform sedentary or light work on a sustained basis. PageID 718-19. (In other words, he found Plaintiff disabled). Specifically, he opined that Plaintiff was unable to stand, sit, or walk for the entirety of an eight-hour workday and could not stand, walk, or sit without interruption for more than one hour at a time. PageID 716.

The ALJ afforded Dr. West's opinion "no controlling or deferential weight." PageID 69. Rather, in finding that his opinion was not well-explained and "extreme," the ALJ gave only "some weight to Dr. West's assessment." *Id*. Instead, the ALJ relied on the opinions of Gary Hinzman, M.D., and Elizabeth Das, M.D., state agency reviewing physicians who opined that Plaintiff could perform a range of work between the sedentary and light levels. PageID 69-70.

Initially, the undersigned notes that while the ALJ specifically declined to afford the opinion of the treating physician "controlling or deferential weight," she failed to mention the appropriate controlling weight standard. PageID 68. Rather, the ALJ dismissed Dr. West's opinion as "extreme[,] as [Plaintiff's] pain management appears to control the pain reasonably well." PageID 69. But classifying the opinion as extreme is not tantamount to determining whether, as instructed by the treating physician's rule, Dr. West's opinion is "not inconsistent with the other substantial evidence in [the] case record." *LaRiccia*, 549 F. App'x at 384.

Nor is the ALJ's assessment regarding Plaintiff's pain management supported by the evidence of record. In fact, the record consistently demonstrates the opposite, *i.e.,* that Plaintiff's pain management was not effective. *See e.g*., PageID 422 ("his pain symptoms have been increasing in intensity and he is taking his medication as prescribed"); PageID 447 ("Despite taking medication, he is not getting to the point where he can be comfortable"); PageID 454 (Plaintiff's pain management

6

specialist stating that it was "very unfortunate that the injection was not helpful for him"). Thus, the ALJ's failure to mention the applicable controlling weight standard, as well as evidence supportive of Dr. West's opinion, was not harmless because it "hinder[ed] a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013).

The ALJ also considered Dr. West's opinion to be extreme because Plaintiff's "imaging studies (no need for further surgery per Dr. West) and physical examinations do not suggest that he would be unable to perform work functions [for an eight-hour workday]." PageID 70 (parenthetical in original). First, it is unclear why, as the ALJ suggests, Dr. West's conclusion -- that Plaintiff is not eligible for a *third* back surgery -- is inconsistent with his opinion that Plaintiff cannot walk, stand, or sit for an eight-hour workday. *See Pollard v. Astrue*, No. 1:11-cv-186, 2012 WL 2341814, at *5 (S.D. Ohio June 20, 2012) *report and recommendation adopted* at 2012 WL 2931310 (S.D. Ohio July 18, 2012) ("[A]s a rule, the ALJ must build an accurate and logical bridge between the evidence and his [or her] conclusion").

Second, no other physician had the opportunity to review Plaintiff's MRI and, absent some other medical opinion, the ALJ was precluded from unilaterally determining that the raw medical data was unsupportive of Dr. West's ultimate opinion. *See Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms"). Because the ALJ failed to give "good reasons" for rejecting the opinion of a treating physician, reversal and remand is required. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004).

7

Finally, where, as here, a treating source's opinion is discounted in favor of a conflicting non-treating opinion, the non-treating physician "must have had the benefit of a review of the entire record and clearly explain the reasons for his [or her] difference of opinion." *Ward v. Astrue*, No. 09–199–GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010); *see also Ott v. Comm'r of Soc. Sec.*, No. 1:08–cv–399, 2009 WL 3199064, at *8 (S.D. Ohio Sept. 29, 2009); *Hale v. Comm'r of Soc. Sec.*, No. 3:13-CV-195, 2014 WL 7176476, at *6 (S.D. Ohio Sept. 26, 2014). Drs. Hinzman and Das, the two record reviewing physicians in question, provided opinions in December 2014 and March 2015, respectively. PageID 129, 143. Plaintiff's most recent MRI was not taken until May 2015, and Plaintiff's treating physician did not author his opinion until April 2016 -- well after the state agency physicians completed their review of Plaintiff's medical records. PageID 653. The state agency physicians, therefore, could not have had the benefit of reviewing Plaintiff's entire record. Nor could they have explained the reasons for their differing opinions.

In light of all the foregoing, the undersigned finds reversible error in the ALJ's analysis of Dr. West's medical opinion. *Jones v. Comm'r of Soc. Sec.,* No. 3:14-cv-131, 2015 U.S. Dist. LEXIS 98223, at *14 (S.D. Ohio May 26, 2015) (finding reversible error where the ALJ "failed to conduct a controlling weight analysis in analyzing the opinions of [treating physicians] and also failed to give good reasons for affording their opinions little weight").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17

F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: April 8, 2019          s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge